[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal by the plaintiff, Stephen J. Farley, who appears pro se, from a decision and order by the Connecticut Siting Council, which authorized the Department of Public Safety to construct a telecommunications tower and building in Wilton adjacent to the plaintiff's property.
Various defendants including the Town of Wilton, CT Page 6886 SNET Cellular, Inc. and the Department of Public Safety all moved to dismiss the appeal on the ground that the plaintiff had failed to file his appeal within 45 days of the mailing by the Connecticut Siting Council of its decision on May 3, 1990, pursuant to General Statutes16-50q and 4-183(c).
These various motions to dismiss were all granted according to the clerk's file on October 29, 1990 by the Hon. Joette Katz, but that notification of Judge Katz's decision was never transmitted to the parties. This was confirmed, for instance, by a letter from Assistant Attorney General R.S. Golden, Jr., representing the Connecticut Siting Council, to the clerk's office indicating that to his knowledge "none of the parties have received any notification to confirm the computer's information regarding the motions to dismiss."
The matter appeared on our administrative appeals calendar on May 9, 1991, at which time I was advised by the parties that no notice of the dismissals had been sent. I then advised the plaintiff and all the other parties that the motion to dismiss, according to the clerk's file, had been granted by Judge Katz on October 29, 1990, that they were all being given verbal notice on that date of her decision, and therefore, that at least as far as I was concerned, the plaintiff's time to appeal would run from May 9, 1991.
The matter next appeared on the short calendar on June 10, 1991, at which time the plaintiff advised that this file had been lost and that he was therefore unable to take an appeal because the file was missing. This file is not missing, and was delivered to me the very same day I requested it on June 24, 1991.
This matter then has been terminated as far as the Superior court is concerned by the decision of Judge Katz granting the various motions to dismiss. When the appeal period commenced for the plaintiff is not, I believe, within this court's authority to determine, although I did indicate on the record that because of the conceded lack of notice I believed that the appeal period should not commence to run until May 9, 1991, when I so advised all the parties in open court.
The plaintiff's requested extensions of time regarding filing an appeal are therefore denied.
The plaintiff has also asked that Judge Katz CT Page 6887 articulate in writing the basis for her decision, and it is my understanding that she has done so.
So Ordered.
Dated at Stamford, Connecticut this 9th day of August, 1991.
William B. Lewis, Judge